UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSH GRANT, JOHN GRANT, and
GRANT BROTHERS FARM,
      Plaintiffs,

  v.                                              Case No. 19-C-0967

CNH INDUSTRIAL AMERICA, LLC,
      Defendant.

## DECISION AND ORDER

Josh Grant, John Grant, and Grant Brothers Farm allege that they purchased defective, previously owned Module Express cotton pickers that were manufactured by defendant CNH Industrial America, LLC, and suffered economic losses as a result. CNH has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). CNH contends that the complaint does not adequately plead the existence of a contract between it and the plaintiffs. Rather, the complaint alleges that the plaintiffs purchased one of their pickers at an auction and the other from an independent dealer. CNH seeks an order requiring the plaintiffs to plead more detail concerning the alleged sales contracts so that it can file an appropriate response to the complaint.

Today, I issued an opinion in the related case of *T&M Farms, et al. v. CNH Industrial America, LLC*, Case No. 19-C-85, in which I granted CNH's motion to dismiss in part and denied the motion in part. One of the issues I addressed in that opinion is whether a purchaser of a used Module Express picker stated a claim for breach of the implied warranty of merchantability against CNH. I determined that the complaint failed to plead facts giving rise to a reasonable inference that CNH sold the used picker

directly to the purchaser, and that therefore the complaint failed to state a claim for breach of implied warranty.

The material allegations of the complaint in the present case are similar to those in *T&M Farms*. For the reasons stated in my *T&M Farms* decision concerning used pickers, I conclude that the complaint in the present case fails to state a claim for breach of the implied warranty of merchantability and breach of the implied duty of good faith and fair dealing because it does not plead facts from which privity of contract between the plaintiffs and CNH reasonably may be inferred. However, as I did in *T&M Farms*, I will grant the plaintiffs leave to replead. If they choose to replead, the plaintiffs must allege facts from which it reasonably may be inferred that CNH, rather than third parties, sold the used pickers at issue to the plaintiffs or otherwise entered into contracts with the plaintiffs.

The defendants do not seek dismissal of the plaintiffs' complaint on any ground other than privity. Therefore, I will not address other issues in this order. However, in repleading, the plaintiffs may, if they choose to do so, replead their other claims if they believe repleading might be needed in light of my decision in *T&M Farms*.

I also confirm that I have subject-matter jurisdiction. Grant Brothers Farm is a general partnership. Its two partners are Josh Grant and John Grant, who are citizens of Alabama. CNH is a limited liability company whose sole member is a corporation organized under Delaware law that has its principal place of business in Wisconsin. The amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists under 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion for a more definite statement is **GRANTED** to the extent that the plaintiffs' claims for breach of the implied warranty of merchantability and breach of the implied duty of good faith and fair dealing are dismissed. However, the plaintiffs are granted leave to replead to allege factual matter from which it may reasonably be inferred that the plaintiffs entered into a contract with CNH for the sale of used pickers.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2020.

s/Lynn Adelman  
LYNN ADELMAN  
United States District Judge
