# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSH GRANT, JOHN GRANT, and
GRANT BROTHERS FARM,**
   **Plaintiffs,**

   **v.**            **Case No. 19-C-0967**

**CNH INDUSTRIAL AMERICA, LLC,**
   **Defendant.**

---

## DECISION AND ORDER

The plaintiffs operate a cotton farm in Alabama. They allege that they suffered economic losses after purchasing defective Module Express cotton pickers that were manufactured by defendant CNH Industrial America, LLC, in Wisconsin. The plaintiffs purchased one picker at an auction in Mississippi, and they later purchased a second (used) picker from a dealer in Georgia. The plaintiffs contend that CNH made deceptive marketing statements about the Module Express, that the pickers they purchased were not merchantable, and that CNH failed to produce sufficient replacements parts to enable the dealer to make repairs to the picker when needed. The plaintiffs bring claims against CNH for violation of Wisconsin's Deceptive Trade Practices Act ("DTPA"), breach of the implied warranty of merchantability, breach of the implied duty of good faith and fair dealing, and unjust enrichment.

In a prior order, I granted CNH's motion for a more definite statement under Federal Rule of Civil Procedure 12(e). In the order, I determined that the plaintiffs had failed to state claims upon which relief can be granted but granted them leave to amend if they thought they could correct the deficiencies in certain claims. (I dismissed other

claims without leave to amend.) The plaintiffs have filed an amended complaint, which CNH now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Today, I issued an opinion in the related case of *T&M Farms, et al. v. CNH Industrial America, LLC*, Case 19-C-85, in which I granted CNH's motion to dismiss the amended complaint filed there. The reasoning of my decision in that case applies with equal force to the plaintiffs' claims here, which are based on materially indistinguishable facts and the same legal theories. Thus, in this opinion, I will only briefly identify the reasons for dismissing the amended complaint and will incorporate the full legal analysis set forth in Case 19-C-85.

First, the plaintiffs' claim under the Wisconsin DTPA must be dismissed because the DTPA does not apply to advertising statements disseminated outside of Wisconsin, even if the advertiser who disseminated the statements was physically located in Wisconsin at the time. Because there are no cotton farms in Wisconsin, CNH did not market Module Express pickers in Wisconsin. Moreover, the plaintiffs encountered and acted upon CNH's marketing statements in Alabama, Mississippi, and Georgia. Therefore, the plaintiffs' DTPA claim will be dismissed.

Second, the plaintiffs' claim for breach of the implied warranty of merchantability—which they assert only in connection with the purchase they made at a dealer—must be dismissed because the plaintiffs did not enter into a contract for the sale of goods with CNH. The facts alleged in the amended complaint show that the plaintiffs purchased the picker from an independent dealer rather than from CNH, and therefore the contract for sale and any implied warranty of merchantability arose between the plaintiffs and the dealer.

2

Third, the plaintiffs' claim for breach of the implied duty of good faith and fair dealing must be dismissed. This claim is based on *CNH's* contention that it issued an express repair warranty in lieu of any other remedies. Compl. ¶ 83. The plaintiffs do not allege that such a repair warranty existed, but they claim that if it did, then CNH breached the duty of good faith that was implied in the contract creating the warranty by "purposefully and intentionally fail[ing] to produce or procure sufficient amounts of parts" to make the warranted repairs. *Id.* ¶ 87. Assuming that the plaintiffs have adequately pleaded that a repair warranty existed, they have not pleaded enough factual matter to enable me to draw the reasonable inference that CNH acted in bad faith. Although the plaintiffs allege that they could not obtain certain replacement parts when they needed them, *id.* ¶¶ 43–44, they do not identify a scheme by CNH to artificially restrict the supply of parts. Thus, this claim will be dismissed.

Finally, the plaintiffs' claim for unjust enrichment must be dismissed because the plaintiffs have not alleged facts giving rise to a reasonable inference that they conferred a benefit on CNH or that CNH's retention of any benefit conferred would be unjust.

For these reasons, **IT IS ORDERED** that CNH's motion to dismiss the amended complaint (ECF No. 26) is **GRANTED**. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2020.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

3